NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 13 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SALVADOR CERVANTES-ROSALES, | No. 17-71468 |
| Petitioner, | Agency No. A095-442-972 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 11, 2026**
Pasadena, California

Before: TALLMAN, VANDYKE, and TUNG, Circuit Judges.

Salvador Cervantes-Rosales, a native and citizen of Mexico, seeks review of

the Board of Immigration Appeals' ("BIA") dismissal of his appeal from an

Immigration Judge's ("IJ") decision ordering his removal to Mexico. We have

jurisdiction to review final orders of removal issued by the BIA under 8 U.S.C.

---

* This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral
argument. *See* Fed. R. App. P. 34(a)(2).

§ 1252. We have jurisdiction to review—with deference—the agency's changed circumstances determination because "it presents a mixed question of law and fact." *Ruiz v. Bondi*, No. 23-1095, 2025 WL 3704362, at *10 (9th Cir. Dec. 22, 2025). We deny the petition.

1. Substantial evidence supports the agency's finding that Cervantes-Rosales's application for asylum was time barred. An application for asylum must be "filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C § 1158(a)(2)(B). The "existence of changed circumstances which materially affect the applicant's eligibility for asylum" may excuse a late filing, provided the applicant files "an asylum application within a reasonable period given those 'changed circumstances.'" 8 U.S.C. § 1158(a)(2)(D), 8 C.F.R. § 1208.4(a)(4)(ii). We have previously held that a six-month window after changed circumstances "is not an unreasonable presumptive deadline." *Husyev v. Mukasey*, 528 F.3d 1172, 1182 (9th Cir. 2008), *abrogated on other grounds by Ruiz*, 2025 WL 3704362.

Here, Cervantes-Rosales repeatedly testified before the IJ that he had known that he was gay almost three years before he filed his application for asylum. This delay far exceeds the "reasonable period" after the changed circumstances that may have excused a late filing. Thus, substantial evidence supports the agency's finding that Cervantes-Rosales's application for asylum was time barred.

2. To establish entitlement to withholding of removal, "a petitioner must prove

a causal nexus" between a "statutorily protected characteristic[] and either [his] past harm or [his] objectively tenable fear of future harm." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023).

Cervantes-Rosales did not present any evidence that he had been abused as a child on account of a protected ground. Past harassment or violence by criminals with unknown motivations bears no nexus to a protected ground. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010); *Gormley v. Ashcroft*, 364 F.3d 1172, 1177 (9th Cir. 2004). And though Cervantes-Rosales also claimed that it would be "hard to live as a gay man in Mexico" and that "gay people are rejected by families" in Mexico, he disclaimed any intention of telling anyone that he was gay in Mexico, and disclaimed any intention of engaging with his family in Mexico. And the record is devoid of any evidence that any harm Cervantes-Rosales might suffer for being *perceived* as being gay would rise to the level of persecution. Thus, the record does not compel the conclusion that Cervantes-Rosales established a nexus between any past harm and a protected ground or a clear probability of future persecution in Mexico.

3. Finally, Cervantes-Rosales failed to present any evidence demonstrating that it was "more likely than not" that he would be tortured if he returned to Mexico. *Barajas-Romero v. Lynch*, 846 F.3d 351, 361 (9th Cir. 2017) (citation omitted). Thus, substantial evidence supports the agency's finding that Cervantes-Rosales did

not meet his burden to show eligibility for CAT relief.

**PETITION DENIED.**

4